UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

OASEAS PROFESSIONAL CENTER, LLC,

Plaintiff ,

v. Case No. ________________

FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity and as receiver of Doral Bank,

Defendant.

_______________________________/

# COMPLAINT

**COMES NOW**, Plaintiff, OASEAS PROFESSIONAL CENTER, LLC and sues FEDERAL DEPOSIT INSURANCE CORPORATION, and states:

1. Doral Bank, FSB, a Federal Savings Bank (hereinafter “Doral Bank”) was a banking corporation based in Puerto Rico, where it maintained its principal place of business.

2. On February 27, 2015, Doral Bank fell into receivership, and the Defendant, the Federal Deposit Insurance Corporation (hereinafter “FDIC”) acted as receiver for Doral Bank’s assets. The FDIC is an independent agency created

by Congress, and thus, this court has jurisdiction.

3. Doral Bank operated a branch located in Panama City, Florida prior to its failure.

4. Doral Bank had previously entered into a Lease Agreement with the Plaintiff, a Florida limited liability company doing business in Panama City, Florida, on or about December 13, 2010. Attached and incorporated herein as Exhibit "A" is a true and correct copy of the Lease Agreement.

5. An Addendum #1 to Commercial Lease between Plaintiff and Doral Bank was entered into on or about January 10, 2013. Attached and incorporated herein as Exhibit "B" is a true and correct copy of Addendum #1 to Commercial Lease.

6. Pursuant to the terms of the Lease Agreement and Addendum, Doral Bank, as tenant, owed monthly rental payments to the tenant totaling $28,431.25.

7. The Lease Agreement and Addendum #1 to the Commercial Lease obligated Doral Bank to make monthly payments through December 2015. However, Doral Bank fell into receivership with the FDIC on February 27, 2015.

8. From the bank closing date until August 2015, the Claimant received monthly rental payments from either Banco Popular, Centennial Bank, or the FDIC. Banco Popular and Centennial Bank had purchased assets of Doral Bank, and based upon information and belief, Plaintiff believes Banco Popular,

Centennial and the FDIC may have apportioned costs of these rental payments without consulting the Plaintiff.

9. On or about May 4, 2015, the FDIC sent a letter to the Plaintiff stating that it may in the future repudiate the lease pursuant to 12 U.S.C. § 1821(e), but until such time, the Plaintiff would be paid all contractual rent accruing before the date any such repudiation became effective. A true and correct copy of this letter is attached and incorporated herein as Exhibit "C."

10. The Claimant did not receive a letter repudiating the lease until September 25, 2015. Specifically, while the repudiation letter is dated July 26, 2015, this letter was sent to the wrong address and returned to sender as undeliverable. Plaintiff did not receive actual notice of this attempted repudiation until, after months of correspondence and conversations with various agents of the FDIC, Thaddeus G. Fenton, counsel with the FDIC's Dallas Regional Office, forwarded this letter by email to undersigned counsel on September 25, 2015. A true and correct copy of this email is attached and incorporated herein as Exhibit "D."

11. The repudiation letter is ineffective because it was not sent to the proper address. In the alternative, because the repudiation letter was not received by the Plaintiff until September 25, 2015, the FDIC's attempt to repudiate the lease is rendered ineffective due to it not having been exercised within a

reasonable period under 12 U.S.C. § 1821(e)(2). As such, there has been no effective repudiation of the lease.

12. Plaintiff exhausted its administrative remedies by filing a claim with the FDIC. Attached and incorporated herein as Exhibit "E" is a true and correct copy of the FDIC's denial of Plaintiff's claim.

**COUNT I: BREACH OF CONTRACT**

13. Due to the FDIC's failure to properly repudiate the lease, the FDIC has breached its obligations, as it has assumed the lease, but has not made payment since August 2015.

14. Due to the FDIC's breach of the Lease Agreement and Addendum #1 to the Commercial Lease, the Plaintiff has incurred damages.

**WHEREFORE**, the Plaintiff, OASEAS PROFESSIONAL CENTER, LLC respectfully requests entry of judgment against the FDIC in its capacity as receiver for Doral Bank and in its corporate capacity for monthly rental payments running from September 2015 through December 2015, compensatory damages sufficient to repair the Leased Property, diminution in value damages, late fees and interest, and attorneys' fees and costs.

**DATED** this 16th day of February, 2016.

/s/ Ronald A. Mowrey
RONALD A. MOWREY
Florida Bar No. 0122006
Email: rmowrey@mowreylaw.com
MARK L. MASON

Florida Bar No. 0098013
Email: mmason@mowreylaw.com
MOWREY LAW FIRM, P.A.
515 North Adams Street
Tallahassee, Florida 32301
Telephone: (850) 222-9482
Telecopier: (850) 561-6867

ATTORNEYS FOR PLAINTIFF

J:\OPEN\Duggan Beach Professional Center\Misc\Complaint.wpd